May it please the Court, Ian Silverberg on behalf of the petitioner, Ms. Prouse. Ms. Prouse, also a lawful permanent resident of the United States, she does not have an issue related to these seven years. Her issue is whether or not her conviction under the Nevada Revised Statute 453.321, supplying a controlled substance is categorically or under the modified categorical approach an aggravated felony drug trafficking offense. She was furnishing drugs to minors. That's the allegation, yes, Your Honor. I don't know the detailed facts, but that makes it a more serious crime in our eyes, I think. I certainly understand that, Your Honor, and probably not a crime that the Attorney General would review for prosecutorial discretion favorably. But what's important to note is that the statute, first of all, is very broad, encompasses a lot of conduct that would be of a trafficking nature and it wouldn't be. And, in fact, the government agreed and the BIA agreed that NRS 453.321 is not categorically a drug trafficking offense. So then they went to apply the modified categorical approach and they looked at the judgment of conviction, the guilty plea memorandum and the criminal information, all of which are found starting at page 178 through 188 of the administrative record on appeal. And what we learned from that is that there are no amounts listed as far as the quantity that Ms. Prowse was alleged to have supplied. When was her conviction? Oh, my gosh. I'm sorry, Your Honor. January of 2007, I believe. And she became a permanent resident in 1994. She was placed in removal proceedings in 2007 based on that conviction. So I believe it was a 2006 conviction. Again, that's in the administrative. I think it was 2008. Thank you, Your Honor. Found removable. Right. Thank you, Your Honor. So in applying the modified categorical approach to this case, first of all, again, we see that in looking at the judgment, the guilty plea memorandum and the criminal information, there are no amounts listed. To be punishable as a drug trafficking offense under the Federal law, at least as far as my research, it had to be five grams or more. So there's nothing in the record that would make this a trafficking offense under Federal law, and therefore the board erred when they looked at those documents contained in the record and said that they lead to the conclusion that this was a drug trafficking offense, because according to the board, the word supply is very much like distribute. But I believe that's an erroneous conclusion. The words, in order for there to be a trafficking offense, there needs to be some element of a commercial transaction. And supplying, and the record that was provided to the court for review, is silent as to whether there was any commercial motive. And certainly the district attorney at the first judicial district court in Nevada could have, were there a sufficient quantity, they would have charged it as a trafficking offense, but they charged it under the same statute as supplying. And I think that we need to look carefully at the words that are used here. And then I guess the next question is going to be, is it a drug-related offense? And my understanding is, based on the court's precedent decision, also Cazares-Gutierrez v. Ashcroft, that, I'm sorry, that if the court doesn't have a jurisdiction to review that, that it could be transferred to the district court, sort of rid of habeas corpus, I believe. It was an interesting case, but I wanted to preserve that issue. In any event, the main argument in this case is that the court erred in holding that this is a drug trafficking offense, because under the modified categorical approach, there were no amounts of any drugs there that would support a Federal conviction which would require 5 grams or more. And the word supply does not denote a commercial transaction for purposes of trafficking. And that's why we believe the board erred in that regard. What's the drug here? Methamphetamine. Isn't that a prohibited drug under the CSA? It is. It is. So there's also an issue of what ---- Which provision in the CSA do you contend requires that the government charge more than 5 grams? Well, 21 U.S.C. 844a says that mere possession is not a felony. So if her conviction is not a trafficking offense, then she would be charged under Federal law with possession, which is not a felony. Well, she was charged with giving it to minors. Supplying it to ---- she was charged with supplying a controlled substance, and then in the documentation it says that she supplied it to a minor. Yes. Yes. And it is very serious. I understand that, Your Honor. But the question before the court is whether supplying under NRS 453.321 is trafficking under the modified categorical approach. And we submit that it is not, based on the documents. What's the difference between supplying and distributing? Distributing has some form of a commercial transaction or ---- And you don't think supplying does? No, Your Honor. No. I believe supplying ---- and if it's ambiguous in any way, Your Honor, that that's an inference that should be drawn in favor of the alien. And supplying in and of itself does not necessarily mean for a monetary gain or monetary purpose. Does distributing have to have a monetary effect? Your Honor, I'm honestly not sure. I believe it does. But I couldn't say that for sure. But I could say that it ---- Well, you were telling us it does, and that was the main distinction between them. And I'm not sure that distributing requires a monetary transfer. Well, Your Honor, I believe it does more so than simply supplying. Distributing to me, when I think of distribution, has a ---- Wait. One moment. Please, Your Honor. You say, I believe that it does. But what's the basis for believing? Is it in the statute or is it in some regulation that says it has to be a monetary matter? No. It is ---- Well, it does ---- It isn't, Your Honor. And that's my point, is that if it's vague in any way in this regard, that that's an inference that should be drawn in favor of the alien. Well, I ---- Do we have a case that say distribute requires commercial transaction? No. But there was a ---- It might have also been, not that distribution does, but that trafficking itself under the Federal law has a monetary connotation to that. I believe it was also Cazares-Gutierrez, but I don't ---- I think it was Cazares-Gutierrez also, 382F3-509. And if the Court doesn't have any other questions, that's the ---- Well, tell me, the consequence of our affirming the BIA would be that she stays in Canada? Is that what the ---- That she gets removed with no relief as a drug trafficking offense. Was she ---- Is she in Canada? Was she ---- No. She's in the United States pending this appeal. Was she allowed to ---- She was allowed to come back? Was she paroled into the United States? If I recall, she was paroled into the United States. Okay. Thank you very much for your time, Your Honors. Thank you, counsel. We'll hear from the government. May it please the Court. Tracy McDonald for the Respondent, Attorney General Eric Holder. The Petitioner's offense in this case qualifies as a felony because it's punishable under ---- by a term of imprisonment of more than one year. It's clear that methamphetamine is a drug included in Schedule II, making it a controlled substance. And the government would argue that Petitioner's act of supplying methamphetamine to a minor is no different from distributing methamphetamine as contemplated in the Controlled Substances Act. Distribute means to deliver, and deliver means to transfer. Petitioner pled guilty to supplying, which is essentially transferring a controlled substance. Do you have any cases that tells us that distribution requires a commercial transaction? No, Your Honor. I believe as far as the commercial transaction definition goes, a drug crime is considered an aggravated felony if it relates either to illicit trafficking or a drug trafficking crime. And in this case, we're not dealing with illicit trafficking because we don't know of any of the commercial indication in this crime. So we're saying that, the government is saying that Petitioner's drug crime is a drug trafficking crime, which doesn't require the commercial element, but does require some sort of exchange. And again, the government would argue that the Petitioner's conviction for supplying methamphetamine to minors is essentially the same as distributing methamphetamine to minors. In this case, the board properly determined that Petitioner's conviction constitutes an aggravated felony. The record clearly indicates that Petitioner pled guilty to and was convicted of supplying a controlled substance. A category B felony in violation of a Nevada statute. This is properly decided as a modified categorical approach, correct? Yes. She has lived in the United States since she was a very young child, is that correct? Since 1994, I believe. She was age six, wasn't she? I don't know the exact age, I just know. After accurately applying the modified categorical approach by examining the record of conviction, the board properly determined that Petitioner's Nevada controlled substance conviction was equivalent to a drug trafficking crime. As is a felony punishable under the Controlled Substances Act. Therefore, the record clearly indicates that the board properly concluded that Petitioner was convicted of an aggravated felony. Accordingly, the court should deny the petition for review. Are there no other questions? Go ahead, Judge. Was this review also reviewed under the Attorney General's memo about which prosecution to go ahead with? This case was reviewed under those guidelines and was considered not a candidate for prosecutorial discretion. How do you know this? Do they put a note in the file or what's the mechanism for you knowing whether it's had the review or not? Our office had to compile certain cases based on the guidelines and submit them to DHS. And then DHS makes the final decision. But this was a case that was not, from your standpoint, put into the stack to be reviewed? Correct. Due to the criminal nature. Thank you.
judges: Hug, Fletcher, Paez